**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 96-00092-CB |
| | ) | CIVIL NO. 14-00262-CB-M |
| EDWIN PIERCE PRYOR, | ) | |
| | ) | |
| Petitioner/Defendant | ) | |

## <u>ORDER</u>

This matter is before the Court on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Edwin Pierce Pryor, a person in federal custody. (Doc. 35.) The government has filed a motion to dismiss on the ground that Petitioner's motion barred by the applicable limitations period. (Doc. 38), and Petitioner has filed a brief in opposition (Doc. 40). After careful consideration of the motions and supporting briefs, the Court concludes that Petitioner's motion is time barred.

**Background**

Petitioner Edwin Pierce Pryor was convicted after a jury trial of possessing a firearm after having previously been convicted of a felony offense in violation of 18 U.S.C. § 922. At sentencing, the Court determined that Petitioner was subject to an enhanced sentence under 28 U.S.C. § 924(e) as an armed career criminal based on several prior burglary convictions. Petitioner appealed, and his conviction was affirmed by the Eleventh Circuit's judgment entered as mandate on March 24, 1998. No petition for certiorari was filed with the United States Supreme Court. Petitioner filed the instant § 2255 motion (his first collateral attack) on June 5, 2014.

**Issues Raised**

Petitioner raises three claims in his § 2255 motion:  (1) the government failed to prove his prior burglary convictions at sentencing; (2) his criminal history was erroneously calculated due to the inclusion of the prior burglary convictions; and (3) the Supreme Court's recent decision in *Descamps v. United States*, ___ U.S. ___, 122 S.Ct. 2276 (2013), is a new rule of law which has rendered his enhanced sentence unlawful due to the use of the prior burglary convictions.  In its motion to dismiss, the government argues that the motion was not filed within § 2255's one-year limitation period.  To the extent Petitioner might rely on *Descamps* as the accrual date for the limitations period under § 2255(f)(3), the government points out that *Descamps* does not meet the statute's criteria.  In reply, Petitioner contends that the statue of limitations should be equitably tolled or, alternatively, that the Court should consider the merits of his claims under the miscarriage of justice/actual innocence exception.

**Legal Analysis**

### *Section 2255's Requirements*

Collateral review of a conviction and sentence is available to a federal prisoner through 28 U.S.C. § 2255.  The statute was enacted to provide a remedy "exactly commensurate" with that previously available through habeas.  *United States v. Addonozio*, 442 U.S. 178, 185 (1979).[1]  "The statute states four grounds upon which such relief may be claimed: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States,' (2) 'that the court was

---

[1] The enactment of § 2255 allowed the sentencing court (rather than the court in the jurisdiction of confinement) to hear the petition.  *Id.*

without jurisdiction to impose such sentence,' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255).

Section 2255 was amended, effective April 24, 1996, by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), Pub. L. 104-132, 112 Stat. 1214 (codified as amended at 28 U.S.C. § 2241 *et seq.*) to include a one-year limitations period for filing a collateral attack. Congress's "overriding purpose" in enacting AEDPA's limitations period was "to achieve finality in criminal cases, both federal and state." *Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011) (internal citations and quotations omitted). Pursuant to § 2255(f), the one-year limitations period runs from the latest of the following dates:

> **(1)** the date on which the judgment of conviction becomes final;

> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**Petitioner's Claims are Time Barred under § 2255**

Although Petitioner does not explicitly argue that his motion falls within the one-year limitation period, his reliance on *Descamps* implies that he is relying the accrual date set forth § 2255(f)(3).[2] Therefore, the question is whether *Descamps* involved a right both "newly recognized " and "made retroactively applicable to cases on collateral review." *Id.* It did not, but why it did not requires some explanation. In that case, the Supreme Court addressed the sentencing court's determination that a prior state court burglary conviction was a violent felony within the meaning of the Armed Career Criminal Act (ACCA). That determination hinged on whether the state offense met the generic, i.e., broadly understood, definition of burglary. Because the state offense was more broadly defined than the generic offense, the sentencing court used the approach adopted in *Shepard v. United States*, 544 U.S. 13, (2005), and looked beyond the statutory elements to documents in the underlying case. But the Supreme Court found that the method employed in *Shepard*, dubbed the "modified categorical approach," applied only when the prior conviction involved a state statute that was "divisible," meaning that it included alternative elements. *Descamps,* 133 S.Ct. at 2283-84. The state statue involved in *Descamps* was "indivisible," meaning that the definition of the offense was simply broader than the generic definition but no alternative elements were involved. The reason for the "modified categorical approach," the Court held, was to identify the *elements* of the crime when the defendant was convicted under a divisible statute. When there are no alternative elements involved, there is no need to look beyond the face of the statute.

---

[2] *Descamps* was decided June 20, 2013. Petitioner's motion was filed June 5, 2014.

*Descamps* does not satisfy either requirement of § 2255(f)(3).  First, it did not announce a new rule of law.  The decision "merely clarified the existing law concerning the approach sentencing courts may apply when determining whether an underlying conviction qualifies as a predicate offense under the Armed Career Criminal Act."  *Adams v. United States*, 2014 WL 4685522, *2 (S.D. Ala. Sept. 19, 2014); *cf. United States v. Contreras,* 739 F.3d 592, 594 n. 2 (11th Cir.) (recognizing that *Descamps* "primarily addresses when it is proper to use the modified categorical approach"), *cert. denied*, 134 S. Ct. 2858 (2014).   As the Supreme Court itself stated in *Descamps,* "[o]ur caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."  *Descamps*, 133 S.Ct. at 2283. Second, courts "have consistently held that *Descamps* does not apply retroactively to cases on collateral review."  *United States v. Chapman*, __ F. Supp. 2d __, 2014 WL 1931814 (S.D. Tex. May 14, 2014) (collecting cases); *see also Adams, supra* (applying *Teague* retroactivity analysis)*; Daniels v. United States*, 2014 WL 3571580 (S.D. Ala. July 21, 2014).  In sum, § 2255(f)(3) does not apply, and Petitioner does not suggest that his motion was filed within one year of any of § 2255(f)'s remaining accrual dates.  Therefore, Petitioner's motion is due to be dismissed unless he can avail himself of some exception to the limitation period.

### *Equitable Tolling Does not Apply*

Section 2255's statute of limitations may be equitably tolled but only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *Sandvik v. United Stat*es, 177 F.3d 1269, 1271 (11th Cir. 1999).  Equitable tolling is an ""extraordinary remedy which

is typically applied sparingly.'" *Dodd v. United States,* 365 F.3d 1273, 1282 (11th Cir. 2004) (quoting *Steed v. Head*, 219 F.3d 1298, 1300 (11ᵗʰ Cir. 2000)).  Relying on the Fourth Circuit's panel decision in *Whiteside v. United* States, 748 F.3d 541 (4ᵗʰ Cir. 2014), *vacated pending reh'g en banc*, 578 Fed. Appx. 218 (4ᵗʰ Cir. 2014), Petitioner argues that the *Descamps* decision is an "extraordinary circumstance" that qualifies his claims for equitable tolling.   Indeed, *Whiteside* held that an intervening decision, in that case the Fourth Circuit's own en banc opinion overruling prior precedent, constituted an "extraordinary circumstance" justifying equitable tolling.  But the *Whiteside* decision is not persuasive for several reasons.  The most obvious is that the panel opinion has been vacated and is pending rehearing en banc.  Second, the Eleventh Circuit has rejected the *Whiteside* panel's conclusions.  *See Spencer v. United States*, ___ F.3d ___, 2014 WL 6234529 (11ᵗʰ Cir. Nov. 14, 2014) (en banc).  Third, to permit equitable tolling based on an intervening decision seriously undermines § 2255(f)(3)'s requirement that the limitations period can be revived only by a retroactively-applicable Supreme Court decision newly recognizing a right.

### *Fundamental Miscarriage of Justice Exception Does not Apply*

In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924 (2013), the Supreme Court held that a petitioner's "actual innocence" provides a gateway to assert an otherwise time-barred claim.  This exception is an outgrowth of Supreme Court jurisprudence regarding procedural default.  In *Murray v. Carrier*, 477 U.S. 478 (1986), the Court held that the rule of procedural default, i.e., that constitutional claims not raised on direct appeal cannot be considered on habeas review, must yield when failure to consider the claim would result in a fundamental miscarriage of justice.  "[I]n an

extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.* 496. The contours of an actual innocence claim are narrowly defined. *McKay v. United States*, 657 F.3d 1190 (11th Cir. 2011) ("as it has been repeatedly emphasized, the actual innocence exception is a *narrow* exception"). "[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (internal citations and quotations omitted). The Supreme Court has sought to ensure that the exception "would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving." *Schlup v. Delo*, 513 U.S. 298, 321 (1995).

The instant motion involves a claim that Petitioner is "actually innocent" of the sentence imposed. Whether the actual innocence exception applies to a non-capital sentencing claim, such as the one asserted here, is an open question. *See McKay*, 657 F.3d at 1197 (neither Supreme Court nor this circuit has ruled whether actual innocence exception extends to non-capital sentencing context). Even assuming it does apply, Petitioner's claim does not qualify.

The Eleventh Circuit's decision in *McKay* forecloses Petitioner's actual innocence claim. Because of the narrow scope of the exception, Petitioner must demonstrate that he is ""factually innocent rather than legally innocent." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011). In *McKay*, the petitioner claimed that he was "erroneously sentenced as a career offender because one of his prior

convictions d[id] not qualify as a 'crime of violence.'" *McKay*, 657 F.3d at 1198. The court found this to be "[a] purely *legal* argument that he is actually innocent of his career offender sentence because his prior conviction for carrying a concealed weapon should not have been classified as a 'crime of violence." *Id.* at 1199. The actual innocence exception would apply only "where the challenge. . . stems from *factual* innocence of the predicate crimes, and *not* from the *legal* classification of the predicate crimes.'" *Id.* (quoting *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (emphasis added)). All of Petitioner's claims are based on the premise that his prior burglary convictions should not have been counted against him at sentencing because they were erroneously classified as crimes of violence. That is a claim of legal innocence and, as such, does not support an actual innocence exception to the statute of limitations.

**Conclusion**

The motion is time-barred because it was not filed within one year of any of the dates set forth in 28 U.S.C. § 2255(f), and there are no applicable exceptions that would relieve Petitioner of this requirement. Accordingly, the government's motion to dismiss is **GRANTED**.

**Certificate of Appealability Denied**

Rule 11 of the Federal Rules Governing Section 2255 Proceedings requires that the district court issue or deny a certificate of appealability when entering a final order on a § 2255 motion. When a court denies a motion "on procedural grounds without reaching the merits of any constitutional claims, . . . a petitioner will be granted a certificate of appealability only if [he] makes both a substantial

showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling is wrong," *Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006) (internal citations and quotations omitted) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ).  A "substantial showing means" that the issues—both substantive and procedural—are debatable among jurists of reason. *Id.*  In this case, there is no need to consider the constitutional issue because no jurist of reason could find that this § 2255 motion was timely filed.  Therefore, the Certificate of Appealability is **DENIED**.

   **DONE** and **ORDERED** this the 8th day of December, 2014.

            **s/*Charles R. Butler, Jr.***
            **Senior United States District Judge**